The beginning of the last line is not disputed. The only question is where it terminates, and where was the corner made for it. It is (377) proven to have been made at the point of the island, very considerably out of the course of this line, and nearer to the beginning than any part of this line is. We must, in the first place, attend to the rules established by judicial determinations for the settlement of boundary cases, which are, that if a course and distance be called for, terminating at a natural boundary, as a swamp, island, mountain, or the like, there the line must terminate, whether it exceed or fall short of the distance expressed in the patent. If a course and distance be called for, and there is no marked *Page 299 
line nor natural boundary, that course and distance must be pursued, and the line must terminate where that distance in the course called for is completed: but if a course and distance be called for, and there be a marked line and corner variant from that course which is proven to be the line made by the surveyor as a boundary, then that marked line shall be pursued.
To examine the present case by these rules: This marked line will intersect the bank of the island before the distance be completed, and a line drawn from thence will exactly agree with the course of the last line mentioned in the patent, which will not be true with respect to any line drawn from either of the other two terminations; yet that line disagrees with the description in these particulars: it is not at the point of the island, there is no hickory, and the distance is not completed. If we pursue the marked line into the island, and stop at the completion of the distance mentioned in the patent, that point disagrees with the description in these particulars: it is not at the bank of the island, nor at any hickory, nor on the point of the island; neither will the last line drawn from thence be in the course mentioned in the patent. If we go to the end of the marked line, we enter upon appropriated land, and a line drawn from thence to the beginning will include many acres of this appropriated land; but if vacant land adjoin land appropriated, and the patentee by mistake include part of the appropriated land, he shall hold all the land within his boundaries that was not previously appropriated. Moreover, that point agrees with the description of the patent in more particulars than any of the other points will — the distance of the line leading to that point exceeds the length mentioned in the patent but a little; a line drawn from thence to the beginning will touch the place where the hickory stood; that place will be on the bank of the island, and also at the point of the island. The only circumstance in which it disagrees with the patent is that a line continued from thence to the beginning will not be in the course called for. By throwing away the appropriated land in the island, contained within the (378) angle formed by the intersection of the two last lines, or by drawing a line along the edge of the island from its point of intersection by the last line but one, to the point of the island where the hickory stood, we avoid what probably the surveyor intended to avoid, an interference with the appropriated land, and allow to the patentee all and no more than he was intended to have. Should we run from the beginning of the last line but one directly to the hickory at the point of the island, we leave the marked line, proven to be marked as a boundary, and leave out a part of the land intended for the patentee. *Page 300 
The Court, therefore, is of opinion that the marked line should be pursued till it strikes the island, and that from thence to the hickory, along the edge of the island, should be deemed another boundary, and the last line be drawn from thence to the beginning.
The jury found accordingly for the plaintiff.
NOTE BY REPORTER. — That the marked line really made as the boundary is to be followed rather than the course mentioned in the patent, where they happen to disagree, is a rule established by several cases formed upon the case of Person v. Roundtree, which is a leading case, and was thus: Roundtree entered a tract of land, lying in Granville County, on Shocco Creek, and ran the said tract out in following manner: Beginning at a tree on the bank of Shocco Creek, running south __________ poles to a corner, thence east __________ poles, to a corner, thence north __________ poles to a corner on the creek, thence up the creek to the beginning. By a mistake, either in the surveyor or in the Secretary who filled up the grant, the courses were reversed: Beginning at the creek at a tree, running north __________ poles to a corner, thence east, etc., placing the lands on the opposite side of the creek from that on which it was really surveyed, so that the grant did not cover any of the land surveyed. Roundtree settled on the land surveyed, which was afterwards entered by Person, who obtained a deed from Earl Granville and brought an ejectment against Roundtree for the premises. On the trial Roundtree proved the lines of the survey, and his having been in possession for some time, claiming the same under his grant. This case, after being several times argued by the counsel on both sides, was at length finally determined by the unanimous opinion of the Court, who decided that the mistake of the surveyor or Secretary who filled up the grant should not prejudice the defendant; and that the defendant was well entitled to the lands intended to be granted and which had been surveyed. And there was judgment for the defendant.
See Bradford v. Hill, ante, 22.
Cited: Cherry v. Slade, 7 N.C. 88; Gause v. Perkins, 47 N.C. 226;Ernull v. Whitford, 48 N.C. 477; Tucker v. Satterthwaite, 123 N.C. 529.